IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOLLIE'S PLAYHOUSE, INC., ) | |
| ) | |
| Plaintiff/Appellant, ) | |
| ) | |
| v. ) | Cause No. 05-CV-385-WDS |
| ) | |
| NABLE EXCAVATING, INC., ) | |
| ) | |
| Defendant/Appellee. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on appeal from the United States Bankruptcy Court for the Southern District of Illinois. The Appellant, Dollie's Playhouse, Inc., (Dollie's Playhouse), alleges the Bankruptcy Court erred when it entered a judgment as a matter of law on all claims. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §158(a). The standard of review by this Court of the Bankruptcy Courts's decision is *de novo*. *Monarch Air Serv. v. Solow*, 383 F.3d 663, 668 (7th Cir. 2004).

## BACKGROUND

Dollie's Playhouse, a Washington Park, Illinois adult-entertainment nightclub, filed a petition in Bankruptcy Court in September of 2004 requesting relief under Chapter 11, *Dollie's Playhouse, Inc.* No. 02-33217. During this proceeding, Dollie's Playhouse filed an adversary complaint against Nable Excavating seeking to recover damages. *Dollie's Playhouse, Inc. v. Nable Excavating, Inc.*, Adversary No. 04-03104. Nable Excavating is owned by Nathan Eggemeyer, owner of a minority interest and officer of Dollie's Playhouse. The two-count adversary complaint seeks recovery against Nable Excavating, under a theory of vicarious liability, for the actions of Eggemeyer. The first count alleges Eggemeyer breached his fiduciary

duty to Dollie's Playhouse by depriving Dollie's Playhouse of an opportunity to purchase real estate. The second count alleges Eggemeyer converted funds from Dollie's Playhouse from 1996 to 1997.

Nable Excavating asserted before the Bankruptcy Court that the claims and issues raised in the adversary complaint should have been raised in a 1998 contract dispute between the parties which was before the Circuit Court of St. Clair County, Illinois, *Dollie's Playhouse, Inc. v. Chicago Title and Trust Company and Nable Excavating, Inc*., Cause No. 99-MR-144 ("*Chicago Title*" action), and therefore were barred by the principles of *res judicata.* The Bankruptcy Court agreed with Nable Excavating and issued an oral order finding for Nable Excavating as a matter of law on both counts (See Tr. Jan. 26, 2005 hearing). Dollie's Playhouse filed this appeal seeking review of that finding.

## **ANALYSIS**

The Illinois Supreme Court has held that *res judicata* applies when a court of competent jurisdiction has rendered a final judgment on the merits, there exists an identity of cause of action, and there is an identity of parties or their privies. *River Park, Inc. v. City of Highland Park,* 703 N.E.2d 883, 889 (Ill. 1998). Neither party disputes that the Illinois trial court was a court of competent jurisdiction. The parties disagree, however, as to whether there was identity of cause of action as well as the identity of parties.

The record reflects that the Bankruptcy judge held a lengthy discussion regarding Count I, the breach of fiduciary duty claim, with counsel for Dollie's Playhouse. The Bankruptcy Court focused its attention on the appropriate test of *res judicata* under Illinois law and on the test's application to Count I.   The court's determination reflects its findings that the breach of fiduciary duty claim "comes out of the same transactional occurrence and this is the sale or lease

of this property." (Tr. Jan. 26, 2005 at 28.)

The record does not reflect a similar consideration by the Bankruptcy Court of Count II, Dollie's Playhouse's conversion claim. The conversion claim is rooted in an allegation of misappropriation of corporate assets, not related to the physical property as in Count I. There was no direct application of the *res judicata* principles to Count II by the Bankruptcy judge. More critically, unlike the Bankruptcy Court's analysis of Count I, there was no explicit determination that Count II arises out of the same transactional occurrence.

      1. <u>Identity of Cause of Action</u>

The record reveals that Stephen Masters owned 51% of Dollie's Playhouse and served as President. Nathan Eggemeyer owned 49% and served as Secretary and Treasurer. The real estate on which Dollie's Playhouse stood was purchased by Nable Excavating, a corporation owned by Eggemeyer. Dollie's Playhouse, by way of a $120,000 loan from Nable Excavating, bought non-real estate assets from the nightclub's previous owners. Nable Excavating and Dollie's Playhouse entered into an oral commercial lease agreement on August 24, 1995. The terms of the agreement would later become the subject of the litigation in the *Chicago Title* action.

Dollie's Playhouse claimed the agreement was a lease-sale agreement, requiring the night club to pay Nable Excavating $5,000 a month for five years. At the end of this period, Dollie's Playhouse would own the land. In addition, Dollie's Playhouse also claimed it could forego the $5,000 monthly payment arrangement by simply paying one lump-sum of $300,000. Nable Excavating claimed the $5,000 monthly payment was, in essence, rent and that the agreement lasted only two years (Appellee's brief at 6).

The parties' inability to reach a resolution on this issue, combined with other unsettled

differences, led Dollie's Playhouse to file the *Chicago Title* action, which alleged breach of contract by Nable Excavating and sought declaratory judgment, transferring title to the property once Dollie's Playhouse had paid $5,000 over five years or the $300,000 lump-sum. Nable Excavating filed a counter-claim alleging Dollie's Playhouse owed it $105,000 back rent. Nable Excavating also alleged Dollie's Playhouse owed $120,000 from a loan between the businesses to purchase non-real estate assets. (Appellee's brief at 7). The trial court found for Nable Excavating finding it to be the owner of the real estate. As part of the St. Clair County Court's order, Dollie's Playhouse had to repay the back rent and the loan. *See, Chicago Title,* slip op. at 2 (July 2, 2002).

Dollie's Playhouse argued before the Bankruptcy Court that the St. Clair County Circuit Court only considered the breach of contract claim and loan dispute, and did not consider the fiduciary duty claim. Count I of the adversary action asserts that Eggemeyer breached a fiduciary duty to Dollie's Playhouse by purchasing the real estate for Nable Excavating rather than for Dollie's Playhouse. Dollie's Playhouse, therefore argued that the fiduciary duty claim is a wholly unrelated transaction to the ownership, rent and loan issues resolved by the trial court and therefore should not be precluded under *res judicata*.

The Illinois Supreme Court has adopted a "transactional" test for determining whether causes of action are identical. The court adopted and applied the Second Restatement of Judgments to further define the transactional test. *River Park, Inc*, 703 N.E.2d at 889 (*See also Garcia v. Village of Mount Prospect*, 360 F.3d 630, 635 (7th Cir. 2004)).

> What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or

>motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*River Park, Inc*, 703 N.E.2d at 889 (citing Restatement (Second) of Judgments §24 (1982)).  In addition to defining the determinative factors in which causes of action arise under the same "operative facts," the Illinois Supreme Court has also stated that causes of actions are estopped if they contain the same facts but are presented under different theories of relief. "[S]eparate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc*, 703 N.E.2d at 889.

   A review of the claim in Count I of the adversary complaint and the St. Clair County action, indicates they are related in time, space, and origin, and therefore the events constitute the same core of "operative facts."  The facts in both disputes stem from the business' startup, focusing upon the relationship between the parties at the start of the business, and their relationship to the real estate. Thus, the contract and fiduciary relationships disputes have the same origins.

   Moreover, the purchase and lease are closely related in time; occurring within two months of each of other. Finally, both disputes center on the same piece of real estate, thus making them spatially related. Therefore, Dollie's Playhouse breach of fiduciary duty argument, while potentially meritorious, should have been litigated with the breach of contract dispute in the St. Clair County action.   Illinois case law explicitly commands a plaintiff cannot re-litigate a claim because the plaintiff has created a new theory of the case. *River Park, Inc*, 703 N.E.2d at 895.

2. <u>Identity of Parties</u>

The parties also dispute whether Nable Excavating should be considered identical even though the company is named in both suits. Dollie's Playhouse argues Nable Excavating should be considered a different party because Nable Excavating was sued in different capacities. In the St. Clair County contract dispute, Nable Excavating was sued as a business entity. In the bankruptcy adversary complaint, Nable Excavating was sued as a beneficiary, via vicarious liability, for the actions of Eggemeyer.

In Illinois law:

> There is no generally prevailing definition of "privity" that we can apply to all cases for the purpose of *res judicata*. Rather, determining privity requires careful consideration of the circumstances of each case. "Privity expresses 'the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties.'"

*Hayes v. State Teacher Certification Bd.* 835 N.E.2d 146, 156-57 (Ill. App. Ct. 2005) (*quoting Purmal v. Robert N. Wadington & Assocs.*, 820 N.E.2d 86, 95 (Ill. App. Ct. 2004)).

Since the claim in Count I and the state court action both requested a transfer of title to the land or damages equal to the value of the real estate, Nable Excavating's interest are not changed. Therefore, the parties are identical under Illinois *res judicata* analysis.

## **CONCLUSION**

Upon review of the record, the Court **FINDS** that the Bankruptcy Court correctly held that the claim in Count I was barred under the principles of *res judicata*, and **AFFIRMS** that decision. However, because neither the record nor the oral order reflect any direct consideration by the Court of Count II, or the applications of the principles of *res judicata* to that claim, the

Court **FINDS** that it is appropriate to remand this matter for a determination on Count II of whether the conversion claim is also barred under the rules of *res judicata*. Accordingly, the Court **AFFIRMS** the holding of the Bankruptcy Court that the claim in Count I of the adversarial proceeding is barred by the doctrine of *res judicata*. The Court **REMANDS** the issues in Count II of the adversarial action for further findings in accordance with this opinion.

**IT IS SO ORDERED.**

**DATED: March 29, 2006**

                                    **s/ WILLIAM D. STIEHL**
                                    **DISTRICT JUDGE**