IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DOLLIE'S PLAYHOUSE, INC.,** ) | |
| ) | |
| **Plaintiff/Appellant,** ) | |
| ) | |
| v. ) | Cause No. 05-CV-385-WDS |
| ) | |
| **NABLE EXCAVATING, INC.,** ) | |
| ) | |
| **Defendant/Appellee.** ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is appellant's motion for stay pending appeal (Doc. 36) to which the defendant has filed an objection (Doc. 42). This motion arises out of an Order of this Court affirming the bankruptcy court's determination that the claims raised by the plaintiff in the bankruptcy adversarial action were barred by the principles of *res judicata* and should have been raised in a 1998 contract dispute between the parties which was before the court for the Twentieth Judicial Circuit, St. Clair County, Illinois, *Dollie's Playhouse, Inc. v. Chicago Title and Trust Co. and Nable Excavating, Inc.* No. 99-MR-144.[1]  The Court notes judgment was entered on June 12, 2006, and an appeal was taken on June 19, 2006. The motion for stay was not filed until September 21, 2006, some three months after the appeal was taken.

The stay would apply, in large part, to the judgment of the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, entered July 2, 2002 in favor of appellee, Nable Excavating, Inc., in the amount of $225,000.00. *Dollie's Playhouse, Inc. v. Chicago Title and Trust Co. & Nable Excavating, Inc.* 99 MR 144. 01-LM-974 (St. Clair County, Illinois, July 2, 2002). In addition, the state court awarded possession of real estate to the appellee.

---

[1] This Court actually upheld the Bankruptcy Court's finding with respect to Count I and remanded the matter with respect to the *res judicata* issue on Count II. The plaintiff voluntarily dismissed Count II and asked this Court to enter final judgment on Count I so that they could seek an appeal.

Appellant, without satisfying the state court judgment, filed bankruptcy under Chapter 11 in this District.  On February 18, 2003, the parties entered into a written stipulation and agreed to an order in the bankruptcy proceeding.  That order provided, in relevant part, that certain sums were to be held in a bank account monitored by the Bankruptcy Trustee during the pendency of the appeal process.  (Ex. F, Doc. 42).  It further provided that the automatic stay was modified and lifted only to the extent to allow the parties to fill their respective appeals.  This stipulation was incorporated into Dollie's plan of reorganization in the Bankruptcy Court, and filed on June 5, 2003.

The Illinois Appellate Court affirmed the Circuit Court's decision on February 25, 2004, (Ex. 2, Doc. 42) and denied the appellant's petition for rehearing.   The Supreme Court of Illinois denied the petition for leave to appeal. (Ex. 3, Doc. 42).  Appellee contends that this, therefore, exhausted all of appellant's appeals and all appellate remedies.   The bankruptcy proceeding was filed in 2002 and the adversarial complaint was filed in April, 2004.   The appeal to this Court stemmed from the Bankruptcy Court's ruling in favor of Nable on all claims in the adversarial proceeding.[2]   As stated earlier, this Court affirmed the Bankruptcy Court's decision based on *res judicata,* and an appeal to the Seventh Circuit was taken.[3]   In its motion, appellant seeks to stay, pending resolution of all appeals, not just the state court proceeding, and for waiver of the Supersedeas Bond.

## DISCUSSION

A stay pending appeal can be granted, but only under limited circumstances.  The factors to be considered in a motion of this type are: (1) whether the stay applicant has made a strong

---

[2] The main bankruptcy case was not part of the appeal to this Court.

[3] Appellee filed a motion to Compel Payment of Claim From Estate Assets with the Bankruptcy Court.  That motion was denied on October 4, 2006.

...

showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See, Hinrich v. Bosma,* 440 F.3d 393 (7th Cir. 2006). The failure to grant a stay pending appeal is not fatal because in the ordinary case, plaintiff can seek reimbursement if he succeeds on appeal. *See, Dale M. ex rel. Alice M. v. Bd. of Educ.,* 237 F.3d 813, 815 (7th Cir.2001). ("A judgment creditor who pays the judgment pending appeal instead of posting a supersedeas bond . . . is entitled to the return of its money if the decision is reversed, and so the payment does not moot the appeal unless the appellant has relinquished his right to seek repayment if he wins." *Id.*)

Fed. R. Civ. P. 62 provides, in relevant part,

> (d). Stay Upon Appeal. When an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

In this case, the Bankruptcy Court considered and denied a motion to stay filed by plaintiff. (*See, Petitioner's Request for Court Order,* Feb. 7, 2005, Bkcy proceeding, No. 02-33217 and Order denying motion, Feb. 10, 2005; *Motion to Stay Pending Appeal*, April 20, 2005, Adv. No. 04-3104 and Order granting motion in part, until appeal, April 21, 2005). No motion seeking to continue the stay was filed in this Court until after final judgment was entered.

With respect to the stay, the Court must note that it is not convinced of the appellant's likelihood of success on appeal. Both the Bankruptcy Court and this Court have determined that the appellant's claim is barred by the principles of *res judicata.* Moreover, in this case appellant is asking this Court to stay neither its own judgment, nor the judgment of the bankruptcy court, but rather the judgment of the state court. The purpose of a stay is to preserve the status quo.

*Flynn v. Sandahl,* 58 F.3d 283, 287 (7th Cir. 1995).

The appellant's argument that it would suffer irreparable harm is somewhat more persuasive. The appellant holds a license to conduct an adult entertainment establishment business on the Washington Park property, which is, in part, the subject of this appeal. Appellant argues that without the Washington Park property, it would lose its license, and therefore, its business, and that this would jeopardize its cash flow and its ability to pay its creditors under the Plan of Reorganization. The Court notes that pursuant to the Stipulation, an amount in excess of $240,000 is to be held for payment to Nable if appellant is unsuccessful on appeal. Nable argues that the amount owed to it now exceeds $311,000.

Balancing the appellant's likelihood of success, the harm to the parties of issuing the stay pending appeal, and the public interest, the Court **FINDS** that it is not appropriate to issue a stay pending appeal, and appellant's motion for stay pending appeal is **DENIED**. The appellant simply has not shown a likelihood of success on the merits which would warrant this Court granting the motion for stay pending appeal.

**IT IS SO ORDERED.**

**DATED: January 11, 2007**

                                                  **s/ WILLIAM D. STIEHL**
                                                      **DISTRICT JUDGE**